UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| **LARRY E. CLARK, SR.** | * | | |
| | * | **CASE NO.:** | **21-0177** |
| **Plaintiff** | * | | |
| | * | **JUDGE:** | **Shelly D. Dick** |
| | * | | |
| **VERSUS** | * | **MAG.:** | **Richard L. Bourgeois, Jr.** |
| | * | | |
| **JOHN V. EDWARDS, ET AL** | * | | |
| | * | | |
| **Defendants** | * | | |
| | * | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM IN SUPPORT OF DOTD DEFENDANTS'**</u>
<u>**RULE 12(B)(1) AND 12(B)(6) MOTIONS TO DISMISS**</u>

**MAY IT PLEASE THE COURT:**

   **NOW COMES**, through undersigned counsel, defendants, **Shawn Wilson, Secretary for the Louisiana Department of Transportation and Development** ("Secretary Wilson") and **Charles McBride, Right of Way Administrator for the Louisiana Department of Transportation and Development** ( "McBride") (hereinafter sometimes referred to collectively as **"DOTD Defendants"** and/or **"Defendants"**),[1] appearing for the limited purpose of this motion and without consenting to the jurisdiction of this Court, who respectfully submit this memorandum in support of *DOTD Defendants' Rule 12(b)(1) and 12(b)(6) Motions to Dismiss* with prejudice the Plaintiff's Complaint pursuant the Federal Rules of Civil Procedure.

---

[1] Plaintiff also named as defendants, Andrew G. Barry and Terrence J. Donahue, Jr., both attorneys for the Louisiana Department of Transportation and Development, neither of whom have been served. Undersigned counsel is not making an appearance for any defendant not properly served.

## I.      INTRODUCTION

As aptly stated by Magistrate Payne in his February 16, 2000 report and recommendation regarding the procedural history of the numerous suits filed by the Plaintiff:

> The complete history of the events related to this litigation would consume far more paper than this case merits.[2]

However, in an effort to provide the Court with the basis for Plaintiff's current suit, we will begin where it all started—in 1986. Thirty-five years ago, the Louisiana Department of Transportation ("DOTD") sought the expropriation of three properties owned by the Plaintiff and his wife while building Interstate 49 through Shreveport, Louisiana.  The parties stipulated to the value of the properties *via* Joint Stipulation on December 28, 1987 to limit the issues at trial in three consolidated lawsuits in the First Judicial District Court of Caddo Parish.[3]  At the trial on the last remaining issue of relocation costs, an expert for DOTD opined that the value of the property was greater than that agreed upon between the parties an awarded Clark an additional amount above the stipulated agreement. This decision was reversed on appeal and the Louisiana Second Circuit Court of Appeals held that because the lessee of the property, L&M Hair Care Products, Inc. ("L&M"), was not a party to the suit, the additional amount awarded to Clark for relocation costs was improper. Thereafter, Plaintiff, and through his company, L&M, have filed a multitude of lawsuits arising from what Plaintiff has deemed the start of a thirty-five year conspiracy by multiple individuals, including attorneys defending DOTD and judges issuing rulings adverse to Plaintiff, to deprive him of what he believe he is owed.

Defendants provide to the Court the attached summary exhibit, labeled as **Exhibit 1**, in attempt to layout the universe of suits filed by Plaintiff and/or his company, L&M, all borne out

---

[2] **Exhibit 7:** *Larry E. Clark, et al. v. State of Louisiana, DOTD*, Western District of Louisiana, Docket No. 98-1753, Report and Recommendation, p. 2.
[3] First Judicial District Court, cases 325,511; 325,512; and 328,772 (1986).

of the 1986 expropriation proceedings.[4] All proceedings in **Exhibit 1** are referred to in the Complaint and are central to Plaintiff's claims.[5]

A complete summary of the appellate proceedings Plaintiff has filed over three decades, and counting, can be found in Defendant Justice McCallum's recent ruling, *Dep't of Transp. & Dev. v. Clark,* 53,197 (La.App. 2 Cir. 1/15/20); 289 So.3d 226, *reh'g denied* (Feb. 28, 2020), *writ denied,* 2020-00528 (La. 9/23/20); 301 So.3d 1183, *reconsideration denied,* 2020-00528 (La. 6/1/21); 316 So.3d 830. Each and every action filed by the Plaintiff has resulted in an adverse final judgment as Justice McCallum held in the Louisiana Second Circuit's most recent opinion regarding this lengthy litigation:

> Finally, we observe that the record unequivocally shows that Clark and L&M are again attempting to retry that which has already been adjudicated and which has already been dismissed through previous, nearly identical res judicata opinions. ***Clark has, on multiple occasions, in front of multiple courts, stated that he simply dislikes the previous outcomes and wishes to retry the exact same issues. Clark and L&M, without any doubt, have clearly had their day in court and have no meritorious grievance left with the issues at hand.***[6]

---

[4] It is entirely possible that not all suits have been captured in this exhibit, however, undersigned has made a good faith attempt to provide the Court with a way in which to navigate and reference the litigation which has ensued over the last three decades at the Plaintiff's behest.

[5] "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." However, documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000), *citing Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993).

[6] *Dep't of Transp. & Dev. v. Clark,* 53,197 (La.App. 2 Cir. 1/15/20, 11–12); 289 So.3d 226, 233–34, *reh'g denied* (Feb. 28, 2020), *writ denied,* 2020-00528 (La. 9/23/20); 301 So.3d 1183, *reconsideration denied,* 2020-00528 (La. 6/1/21); 316 So.3d 830 (emphasis added).

Suffice it to say, Plaintiff has filed action after action in various capacities in both State[7] and Federal[8] courts—occasionally through the removal process[9]—pursuing monies beyond the amount stipulated between the parties in 1987.  With almost every adverse judgment at the district court level, he has petitioned the State[10] and Federal[11] appellate courts for review, again with exclusively adverse results, so much so that various courts have sanctioned Plaintiff in a number of ways and for a variety of reasons. DOTD Defendants have gathered all rulings they could locate and attached them to this motion in chronological order:[12]

| | |
|---|---|
| **Exhibit 2** | Louisiana First Judicial District Court Order dated April 21, 1997 |
| **Exhibit 3** | Louisiana Second Circuit Court of Appeal Ruling dated December 10, 1997 |
| **Exhibit 4** | U.S. Fifth Circuit Court of Appeals Ruling dated November 6, 1999 |
| **Exhibit 5** | U.S. Fifth Circuit Court of Appeals Ruling dated June 30, 1999 |
| **Exhibit 6** | U.S. Fifth Circuit Court of Appeals Ruling dated June 30, 1999 |
| **Exhibit 7** | Western District of Louisiana Report and Recommendation dated February 16, 2000, and Judgment adopting same dated March 21, 2000 |

---

[7] First Judicial District Court, cases 362,381 (1990); 363,679 (1990); 429,240 (1998); Nineteenth Judicial District Court, case 425,690 (1996).

[8] Western District of Louisiana, cases 96-1360 (1996) and 98-1753 (1998); Eastern District of Louisiana, case 97-1266 (1997).

[9] 1st JDC case 362,381 became 98-0217 in the Western District of Louisiana after Plaintiff added civil rights claims to his action.

[10] *See State, Dep't of Transp. & Dev. v. Clark,* 548 So.2d 365 (La.App. 2 Cir. 1989), writ denied, 552 So.2d 395 (La.1989); *L & M Hair Care Products, Inc. v. State, DOTD,* 590 So.2d 122 (La.App. 2 Cir. 12/4/1991); *L & M Hair Care Products, Inc. v. State, Dep't of Transp. & Dev.,* 622 So.2d 1194 (La.Ct. App.1993), writ denied, 629 So.2d 1126 (La.1993); *L & M Hair Products, Inc. v. State, Dep't of Transp. & Dev.,* 29,998 (La.App. 2 Cir. 12/10/97); 704 So.2d 415; *Clark v. Mangham, Hardy, Rolfs & Abadie,* 30,471, (La.App. 2 Cir. 2/24/99); 733 So.2d 43; *Clark v. Louisiana Dep't of Transp. & Dev.,* 2007-1364 (La.App. 1 Cir. 5/2/08), writ denied, 2008-1549 (La. 10/10/08); 993 So.2d 1286; *Clark v. State, Dep't of Transp.,* 2013-0371 (La.App. 1 Cir. 11/8/13), writ denied sub nom; *Clark v. State, Dep't of Transp. & Dev.,* 2014-0814 (La. 6/13/14); 140 So.3d 1191; *Dep't of Transp. & Dev. v. Clark,* 53,197, (La.App. 2 Cir. 1/15/20); 289 So.3d 226, reh'g denied (Feb. 28, 2020), writ denied, 2020-00528 (La. 9/23/20); 301 So.3d 1183, reconsideration denied, 2020-00528 (La. 6/1/21); 316 So.3d 830.

[11] See *Clark v. Land,* CIV. A. 97-1266, 1998 WL 199360 (E.D. La. Apr. 23, 1998), dismissed, 189 F.3d 467 (5th Cir.1999), and dismissed, 189 F.3d 467 (5th Cir.1999), and dismissed, 252 F.3d 434 (5th Cir.2001); *Clark v. Louisiana ex rel. Louisiana Dep't of Transp. & Dev.,* 184 F.3d 816 (5th Cir.1999); *Clark v. Pena,* 97-30715 (5th Cir.1999), 189 F.3d 467; *Clark v. Land,* 98-30597, 98-30731 (5th Cir. 1999), 189 F.3d 467; *Clark v. Land,* 528 U.S. 1064 (1999); *Clark v. Pena,* 97-30715, 1999 WL 34844548 (5th Cir. Aug. 11, 1999); *Clark v. Pena,* 471 Fed.Appx. 398 (5th Cir.2012); *Clark v. Louisiana Dep't of Transp. & Dev.,* 574 U.S. 1030 (2014).

[12] *See* **Exhibits 2-10**.

**Exhibit 8**    Western District of Louisiana Order dated April 4, 2014

**Exhibit 9**    Louisiana 19th Judicial District Court Order dated December 14, 2020

**Exhibit 10**    Louisiana 19th Judicial District Court Order dated May 13, 2021

Unsurprisingly, the present Complaint is a mere retread of the same issues previously adjudicated to a final disposition by numerous other State and Federal courts and as such merits the same outcome here. This Court is the last federal court sitting in Louisiana to address the same issues Plaintiff has raised, and adjudicated to finality, over the last three and a half decades.

## II.    ALLEGATIONS OF FACT

The Plaintiff sets forth the same allegations that he has previously alleged—in various capacities as Plaintiff makes allegations and requests relief both personally and on behalf of the business owned by the Plaintiff and his wife, L&M,[13]—in both State and Federal courts throughout Louisiana:

1. Plaintiff alleges that various decades-old final Judgments by State and Federal courts reflect perceived unfairness, racism, and/or conspiracy and that these decisions should be reversed and/or these adjudicated actions should be enjoined.[14]  These include:

   a. The original consolidated expropriation cases[15]

---

[13] L&M Hair Care Products, Inc. ("L&M") was the lessee of the property owned by Plaintiff which was the original basis for the expropriation suit.  The Plaintiff and his wife have at all pertinent times owned and operated L&M. Plaintiff has filed various State and Federal actions in this litigation on behalf of L&M in his capacity as an owner/operator. Plaintiff is not an attorney but continues to represent the interests of his entity, L&M, in this and numerous other suits.

[14] *See* Plaintiff's Complaint, R.Doc. 1, pp. 202-207.

[15] Plaintiff seeks nullification of the December 28, 1987 Joint Stipulation because he believes that DOTD failed to make L&M a party to the expropriation suits, failed to serve L&M in the expropriation suits, and failed to deposit funds in the registry of the court for the benefit of L&M in the expropriation suits.

b. First Judicial District Court case 363,679[16,17,18]

c. First Judicial District Court case 429,240[19]

d. Western District of Louisiana case 96-1360[20]

e. Western District of Louisiana case 98-1753[21]

f. First Judicial District Court case 425,690[22]

2. That he has suffered and/or continues to suffer violations of his and/or L&M's constitutional rights or other Federal laws[23]

3. That he is the victim of racial discrimination.

4. That he is the victim of systemic corruption and collusion.

5. That various legal concepts be enjoined from being filed against his positions in this and previous matters (including actions which have been final judgments for decades).

In short, the Plaintiff alleges he has been the victim of a thirty-five year plot by the entire State and Federal judiciary, as well as DOTD and its employees, and his own former attorneys. He supports these allegations by citing to various statutory provisions and Amendments to the

---

[16] Plaintiff seeks nullification of the State court's October 9, 1995 Judgment of dismissal because he believes that it was absolutely null "since it was based on the absolutely null stipulation".

[17] Plaintiff seeks nullification of the State court's February 4, 1997 Judgment of dismissal because he believes that it was absolutely null based on the failure of the DOTD to "strictly comply with the mandatory procedures of statutes 48:441 through 48:460" and the rules of civil procedure and certain local rules regarding service of process.

[18] Plaintiff seeks nullification of the State court's October 31, 2005 Judgment granting dismissal based on *res judicata* as to L&M's claims for monetary relief by mandamus and for alleged civil rights violations.

[19] Plaintiff seeks nullification of the State court's July 28, 1998 Judgment where suit for nullity of the October 1995 Judgment was dismissed with prejudice.

[20] Plaintiff seeks nullification of the Western District's February 20, 1997 Judgment dismissing his claims with prejudice. The Fifth Circuit affirmed that dismissal by dismissing the Plaintiff's appeal in 189 F.3d 467.

[21] Plaintiff seeks nullification of the Western District's March 20, 2000 Judgment dismissing all of Plaintiff's claims for failure to state a claim upon which relief could have been granted.

[22] Plaintiff seeks nullification of the State court's September 10, 2012 Judgment granting Defendants' Exceptions and dismissing with prejudice all of Plaintiffs' claims.

[23] See Plaintiff's Complaint, pages 202-207.

United States Constitution and offering unfounded conspiracy theories. These allegations and claims have no merit and should be dismissed with prejudice.

## III.    APPLICABLE LAW

Defendants move for dismissal of Plaintiff's claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure under the doctrine of sovereign immunity. A challenge to the Court's subject matter jurisdiction over a case may be raised at any time because it goes to the Court's very power to hear the case.[24] The party asserting subject matter jurisdiction bears the burden of proof of demonstrating jurisdiction.[25] In ruling on a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the Court's resolution of the undisputed facts.[26]

To withstand a Rule 12(b)(6) Motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Doe v. Covington County School District*, 675 F.3d 849, 854 (5th Cir. 2012). Put another way, a Court must be able to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard requires more than pleading conspiracy theories and conjecture that a defendant has acted unlawfully. *Id.* at 678. Thus, even if the allegations in the Complaint are true, if they cannot support a claim to relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties in the Court. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 558 (2007).

A plaintiff cannot simply submit an "unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and while factual allegations are

---

[24] *U.S. v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).
[25] *Davis v. U.S.,* 597 F.3d 646, 649 (5th Cir. 2009).
[26] *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001).

accepted as true for purposes of a 12(b)(6) motion, legal conclusions are not. *Id.* The Plaintiff's Compliant contains nothing besides the same conjecture and conspiracy theories that he has unsuccessfully espoused for three decades.

## IV.  LAW AND ARGUMENT

### A.  State court judgments on state law issues are to remain undisturbed by federal district courts.

As an initial matter, the Plaintiff prays for relief by the issuance of injunctions to overturn prior state and federal court decisions in matters which have already been finally adjudicated. This is an inherent legal fiction and cannot be granted by this Court. Before this Court can address the legal fiction that Plaintiff requests, it must have subject matter jurisdiction, which is founded in either diversity or federal question jurisdiction.

#### i.  Federal question jurisdiction is not available.

The Plaintiff's claims do not inherently sound in federal law. The Plaintiff attempts to manufacture a federal question by entwining civil rights violations into his adjudicated state law claims. This is not sufficient to vest a Federal district court with subject matter jurisdiction:

> If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's denial in a judicial proceeding … then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.[27]

The Plaintiff has received complete due process and appellate review to the Plaintiff's state law claims.[28] The Louisiana First Circuit previously explained to the Plaintiff that once a decision is final and definitive, "no court has jurisdiction, in the sense of power and authority, to modify,

---

[27] *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16 (1983).
[28] See *Dep't of Transp. & Dev. v. Clark,* 53,197, (La.App. 2 Cir. 1/15/20); 289 So.3d 226, 230-233 for a more complete analysis of the history of this litigation.

revise or reverse the judgment, regardless of the magnitude of the error in the final judgment."[29]
The Supreme Court of the United States has definitively stated that Federal district courts have no
subject matter jurisdiction to interfere with final judgements in state courts on state law issues:

> Proceedings in state courts should normally be allowed to continue
> unimpaired by intervention of the lower federal courts, with relief
> from error, if any, through the state appellate courts and ultimately
> this Court.[30]

Nonetheless, Plaintiff has brought the same claims in the instant Complaint that have been
previously adjudged final and complete in both State and Federal courts throughout Louisiana.
This Court is therefore devoid of subject matter jurisdiction to review final judgments of state
courts with regard to state law issues, as the Fifth Circuit Court of Appeals has previously held:

> Among the several answers to plaintiff's claim, a basic and
> dispositive one is that we hold no warrant to review final judgments
> of the Florida Supreme Court. That power is reserved to the
> Supreme Court of the United States. Complaining of constitutional
> violations, Mr. Sawyer has cast his complaint in the form of a civil
> rights suit. What he seeks, however, is simply reversal of the state
> court judgment. We have scrutinized the state proceedings and find
> them to be manifestly judicial ones. They could have been reviewed
> in the Supreme Court. Mr. Sawyer has boarded the wrong flight.
> AFFIRMED.[31]

Plaintiff herein continues to seek *any* court to reverse the numerous State court judgments
that became final long ago and throughout the following decades, and this suit appears to be his
last resort in a federal district court sitting in Louisiana to seek the relief he desires. There is no
subject matter jurisdiction present for this Court to review those various final Judgments set forth
in Plaintiff's Complaint and this Complaint should therefore be dismissed with prejudice.

---

[29] *Clark v. Louisiana Dep't of Transp. & Dev.,* 2007-1364 at *6.
[30] *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers,* 398 U.S. 281, 287 (1970).
[31] *Sawyer v. Overton,* 595 F.2d 252 (5th Cir.1979) (internal citations omitted).

### ii.  Diversity jurisdiction is not available.

On the cover page of Plaintiff's Complaint, Plaintiff offered a Post Office box in Atlanta, Georgia as an address for service, which is legally insufficient for service of process.  The corporation that Plaintiff makes allegations on behalf of, L&M, is domiciled in Louisiana with both domicile addresses and a principal office address in Bossier Parish, Louisiana.[32]  The expropriated properties at issue in the original litigation were located in Caddo Parish, Louisiana. The Plaintiff is listed as the "President, Director" of L&M with the Louisiana Secretary of State and has a personal address listed as 2503 Convent Street in Bossier City, Louisiana.

The only valid address that can be attributed to the Plaintiff in this matter based on the available information is the Convent Street address in Bossier City, Louisiana.  As the Plaintiff's address is in the State of Louisiana and the DOTD Defendants are in Louisiana as well, no diversity exists between the parties regarding any purported state law claims and therefore this Court does not have subject matter jurisdiction to address such claims, if sufficiently pled, under 42 U.S.C. § 1332.

### B.  The Plaintiff's allegations are subject to *res judicata*.

As discussed by many Louisiana courts, the claims Plaintiff raises in his Complaint "have previously been adjudicated to finality."[33]

> "[A]t the heart of res judicata is the principle that the litigant involved either failed to properly raise a now precluded issue in the first lawsuit or the litigant in fact had a full trial, yet an undesirable outcome. Thus, res judicata starts with the premise that the litigant, in fact, has already had his or her day in court."[34]

---

[32] **Exhibit 11:** Louisiana Secretary of State's Business Filing for L&M listing Larry E. Clark as "President, Director" of the corporation with an address of 2503 Convent Street in Bossier City, Louisiana. DOTD Defendants request this Court take judicial notice of the information from the Louisiana Secretary of State pursuant to Federal Rule of Evidence 201.

[33] *Dep't of Transp. & Dev. v. Clark,* 53,197 (La.App. 2 Cir. 1/15/20); 289 So.3d 226, 232, *reh'g denied* (Feb. 28, 2020), *writ denied,* 2020-00528 (La. 9/23/20); 301 So.3d 1183, *reconsideration denied,* 2020-00528 (La. 6/1/21); 316 So.3d 830.

[34] *Dep't of Transp. & Dev. v. Clark,* 289 So.3d at 230.

According to DOTD Defendants' count, the Plaintiff has filed seven original lawsuits and at least eleven appellate actions regarding the claims that are repeated in this Complaint.[35]  Each of those actions at both the district and appellate levels has resulted in final adjudication via dismissal, often with an application of *res judicata*.

This most recent Complaint presents no new claims or materials and merits consistent treatment as Plaintiff's claims once again meet the criteria set forth by the Fifth Circuit:

> Application of res judicata is proper only if the following four requirements are met: (1) the parties must be identical in the two suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both cases.[36]

Brief application of these criteria to the facts of this case indicates that they are all satisfied. The legal doctrine of *res judicata* has been previously applied by the Western District of Louisiana to the Plaintiff's theories in this ongoing litigation and its application was endorsed by the Louisiana First Circuit Court of Appeal:

> The bulk of Clark's conspiracy and civil rights-type allegations are directed at the various state court judges who have displeased him by their rulings, but none of the judges is actually named as a defendant in this action. Even if they were defendants, the judges would be entitled to judicial immunity, under both federal and state law, because Clark's claims are directed at acts performed in the course of their judicial functions....
>
> ...
>
> The pleading goes on to make numerous conclusory allegations that various state-actor and non-state actor defendants and other non-defendants have conspired to repeatedly deny and hinder Plaintiff from receiving the full benefit of his constitutional rights.

---

[35] The Plaintiff's strategy of attempting to re-litigate final judgments has become offensive enough that various courts have ordered that he may not file any additional documents without leave of court.  *See* **Exhibits 2-10**.

[36] *Russell v. SunAmerica Sec., Inc.,* 962 F.2d 1169, 1172 (5th Cir. 1992).

...

The law firms and attorney defendants are mentioned on several occasions throughout the pleading, but Plaintiff makes only conclusory allegations that the non-state actors conspired with the state district judges and other defendants.

The frivolous allegations of federal civil rights claims in the third amended petition are reminiscent of those rejected in 98 cv 0217. As in the prior proceeding, the court finds that the federal claims were brought maliciously and in an effort to seek retribution against everyone associated with the expropriation proceedings that did not end in the result hoped by Plaintiff. The federal claims should, accordingly, be dismissed for failure to state a claim upon which relief can be granted and as frivolous pursuant to § 1915(e).

Hence, it is clear that L & M's claims of federal civil rights violations have not only been previously presented, but have also been considered and adjudged. Thus, L&M's claims of federal civil rights violations are likewise barred under the principles of res judicata by the March 20, 2000 judgment rendered by the U.S. District for the Western District of Louisiana under docket number 98–CV–1753."[37]

This Complaint merely repeats claims which have been the subject of *res judicata* by both State and Federal courts previously.  The Louisiana Second Circuit exhaustively examined the history of this litigation in a 2020 decision and arrived at the same conclusion:

Furthermore, res judicata attaches and bars the petitions for nullity on their face because several other appellate courts have already found and decided such. Based on those previous decisions alone, res judicata attaches and precludes the petitions. Therefore, res judicata not only attached to preclude Clark from further litigation based on the stipulated agreements, it also attached when the other state and federal appellate courts resolved the issue earlier.[38]

---

[37] *Clark v. Louisiana Dep't of Transp. & Dev.,* 2007-1364, *7-8 (La.App. 1 Cir. 5/2/08), writ denied, 2008-1549 (La. 10/10/08); 993 So.2d 1286.
[38] *Dep't of Transp. & Dev. v. Clark,* 53,197, p. 11 (La.App. 2 Cir. 1/15/20); 289 So.3d 226, 233.

As such, it is appropriate for this Court to uphold the previous rulings of every other court that has been exposed to the Plaintiff's allegations and dismiss the Plaintiff's Complaint with prejudice pursuant to the doctrine of *res judicata*.

### C.  DOTD Defendants are Immune from Suit.

Plaintiff's claims against the DOTD Defendants in their official capacity must be dismissed as the Eleventh Amendment bars such an action by a private individual in Federal Court against a sovereign State and its agencies or employees unless specifically abrogated by Congress, or if the State or its agencies consent, which has not occurred here.

This Court does not have jurisdiction over Plaintiff's claims against these defendants as per the Eleventh Amendment of the United States Constitution, and as such, the claims raised against all DOTD defendants must be dismissed, pursuant to the principle that Louisiana State agencies and its State officers are not subject to such claims before this Federal Court. The Eleventh Amendment bars an action for monetary damages by a private individual in Federal court against a sovereign State and its agencies unless specifically abrogated by Congress pursuant to its legal authority under Section V of the Fourteenth Amendment, or if consented to by the State.[39]

As per Louisiana Constitution of 1974, Article XII, Section 10, Louisiana has not waived of sovereign immunity.  As per La. R. S. 13:5106, the State of Louisiana consents solely to be sued in State court.  Louisiana's consent to be sued in State court is not a waiver of its Eleventh Amendment immunity from suit in Federal court.[40]  "Waiver of common law sovereign immunity

---

[39] *Hans v. Louisiana*, 134 U.S. 1890; *Seminole Tribe of Florida v. Florida, et al*, 116 S.Ct. 1114 (1996); *Kimel v. Florida Board of Regents*, 120 S.Ct. 631, 528 U.S. 62, 145 L.Ed. 2d 522 (January 11, 2000).
[40] *Citrano v. Allen Correctional Center*, 891 F. Supp. 312 W.D. La. 1995; *Kipper v. Louisiana State Board of Education*, 592 F. Supp. 1343 (M.D. La. 1984), aff'd 778 F.2d 789 (5th Cir. 1985).

should not be confused with Eleventh Amendment immunity and waiver of one does not transfer."[41]

The aforesaid Defendants, sued in their official capacities only, are in effect, responding to claims against the DOTD and by extension, the State of Louisiana, who is the employer of those individuals.  Inasmuch, the immunity from suit in Federal court applies to the claims asserted against these individuals and warrants the dismissal of those claims.[42] Therefore, the claims against the DOTD Defendants should be dismissed on this basis alone.

**D.  The *Ex parte Young* Exception Does Not Apply.**

Additionally, any claims *properly* characterized as prospective injunctive relief are not legally cognizable in this matter. The Supreme Court has recognized an exception sovereign immunity under the *Ex Parte Young* doctrine whereby "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their *future conduct* to the requirements of federal law."[43] Throughout his Complaint, Plaintiff uses the word "prospective" in describing the injunctive and declaratory relief he seeks and even cites to *Ex parte Young*.[44] Nevertheless, the *Ex parte Young* exception is inapplicable to the DOTD Defendants and does not provide Plaintiff with the ability to resuscitate the life of his 1986 litigation with DOTD by asserting a conclusory allegation regarding "an ongoing violation of federal law."

A court undertaking an *Ex Parte Young* analysis must conduct two inquiries to determine whether the exception applies to the state officer in question. First, the court must conduct a

---

[41] *American Tel. and Tel. Co. v. Madison Parish Police Jury*, 465 F. Supp. 168, D.C. La. 1977; *AT&T Communications of South Central States v. BellSouth Communications*, 43 F. Supp. 2d 593 (M.D. La. 1999).
[42] *Scott v. Board of Supervisors*, 336 F.2d 557 (5th Cir. 1964) and *Schuth, et al v. Louisiana State University Medical Center, et al*, 1989 U.S. Dist. Lexis 6803 (E.D. La. 1983), *Schlosser v. Kansas Department of Health and Environment*, 766 F.Supp. 984, rev. 1991 F.2d 806, cert. denied 114 S.Ct. 307, *Cantu v. Rocha*, 77 F.3d 795 (5th Cir. 1996); *Vermett v. Howell*, 606 F. Supp. 732 (W.D. MI. 1994).
[43] *Bailey v. Board of Commissioners of Louisiana Stadium,* 441 F.Supp.3d quoting *Quern v. Jordan,* 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (emphasis added).
[44] R.Doc. 1, at ¶ 3.

14

"straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Next, the court must "also decide whether the official in question has a "sufficient connection to the enforcement of the challenged act."[45] In cases in which a plaintiff invokes *Ex Parte Young*, the state official must have some authority to enforce the law or an order for injunctive relief.[46] "A probe into the existence of a *Young* exception should gauge (1) the ability of the official to enforce the statue at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute."[47]

Plaintiff cannot meet the first prong of the *Ex Parte Young* because the Complaint fails to allege an ongoing violation of federal law and fails to seek any relief that is prospective in nature. To assert a claim for injunctive relief in federal court a plaintiff must "satisfy the threshold requirement imposed by Art. III of the Constitution" by showing "that he has sustained or is immediately in danger of sustaining some direct injury as a result of the challenged ... conduct."[48] Further, "[t]o pursue an injunction or declaratory judgment, the [plaintiffs] must allege a likelihood of future violations of their rights by [the defendant], not simply future effects from past violations."[49]

Here, as with his other lawsuits, Plaintiff simply seeks to begin his litigation anew and only alleges prior rulings by the judiciary related to his prior suits have caused him harm. What is telling is that in 208 pages and over 426 paragraphs, there is not a single factual allegation that can be found relating to either Secretary Wilson or McBride in the Complaint. Over twenty years ago, the

---

[45] *Bailey v. Board of Commissioners of Louisiana Stadium,* 441 F.Supp.3d 321, *quoting Ex Parte Young,* 209 U.S. 123, 157, 28 S.Ct. 441, 522 L.ED. 714 (1098).
[46] *Okpalobi v. Foster,* 244 F.3d 405 (5th Cir. 2001); *Lytle v. Griffin,* 240 F.3d 402, 412 (4th Cir. 2001).
[47] *Bailey v. Board of Commissioners of Louisiana Stadium,* 441 F.Supp.3d 321, *citing Okpalobi,* 244 F.3d 405 at 417
[48] *Armstrong v. Turner Indus., Inc.,* 141 F.3d 554, 562-63 (5th Cir. 1998) (*quoting City of Los Angeles v. Lyons*, 103 S.Ct. 1660, 1665 and 1669 (1983)).
[49] *Armstrong*, 141 F.3d at 563 (*quoting Fair Employment Council of Greater Washington, Inc. v. BMC Mktg. Corp*., 28 F3d 1268 (D.C. Cir. 1994)).

Western District of Louisiana addressed the federal civil rights claims brought by Plaintiff, the same claims brought in this suit:

> The frivolous allegations of federal civil rights claims in the third amended petition are reminiscent of those rejected in 98 cv 0217. ***As in the prior proceeding, the court finds that the federal claims were brought maliciously and in an effort to seek retribution against everyone associated with the expropriation proceedings that did not end in the result hoped by Plaintiff.*** The federal claims should, accordingly, be dismissed for failure to state a claim upon which relief can be granted and as frivolous pursuant to §1915(e).[50]

As described in more detail below, Plaintiff is simply mounting yet another collateral attack on prior judgments by the State and Federal courts that are adverse to Plaintiff.[51] In simply naming the current Secretary of the Louisiana Department of Transportation and Development and DOTD's Right of Way Administrator (and DOTD's attorneys), Plaintiff is again "seeking retribution against everyone associated with the expropriation proceedings" from 1986.

Moreover, the DOTD Defendants have no connection to the enforcement of the challenged act or an order for injunctive relief. Secretary Wilson was not the Secretary of DOTD in 1986 and had no involvement in these matters throughout the past thirty-five years. The same is true for McBride. Both are named solely because of their positions with DOTD. This is not enough to overcome their Eleventh Amendment immunity from suit. Even assuming for argument's sake all of the prior judgments identified by Plaintiff could be reversed by an order of this Court, any order granting such relief could not be enforced by the DOTD Defendants. Consequently, the *Ex parte Young* exception to Eleventh Amendment immunity is not applicable to the DOTD Defendants and the claims against them dismissed with prejudice.

---

[50] **Exhibit 7:** *Larry E. Clark, et al. v. State of Louisiana, DOTD*, Western District of Louisiana, Docket No. 98-1753, Report and Recommendation, p. 2.
[51] *See* Plaintiff's Prayer for Relief, R.Doc. 1, pp. 205-208.

**E.  Any Acts Occurring Before March 29, 2020 are Prescribed as a Matter of Law.**

Plaintiff's 208-page Complaint seeks nullification of various final Judgments and Opinions as set forth above.  The earliest is from 1987 while the most recent is from January of 2020. The allegations of constitutional violations the Plaintiff makes in this matter are actionable under 42 U.S.C. § 1983.  Yet, § 1983 does not inherently provide for a time limitation for the filing of an action, but 1988 does allow guidance based on applicable state statute.  The Supreme Court of the United States explained this theory with more detail in *Owens v Okure*, 488 US 235 (1989):

> Title 42 U.S.C. § 1988 endorses the borrowing of state-law limitations provisions where doing so is consistent with federal law; § 1988 does not, however, offer any guidance as to which state provision to borrow. To fill this void, for years we urged courts to select the state statute of limitations "most analogous," and "most appropriate," to the particular § 1983 action, so long as the chosen limitations period was consistent with federal law and policy.[52]

Plaintiff seeks to have a number of final Judgments enjoined—again, a legal impossibility—for specious reasons including alleged procedural mistakes by attorneys for the State[53] and what he believes to be errors by State courts.[54]  These are most closely analogous to an argument of legal malpractice (although applied to the judiciary who are immune to these claims while operating in their official capacity and to attorneys who did not represent him).  The prescriptive period for legal malpractice is set forth in Louisiana Revised Statute Title 9 Section 5605(A) as "within one year from the date that the alleged act, omissions, or neglect is discovered or should have been discovered".

As discussed above, there are no factual allegations regarding Secretary Wilson or McBride and any claims against any other defendants occurring one year before the filing of this suit, or on

---

[52] *Owens v. Okure,* 488 U.S. 235, 239; 109 S.Ct. 573, 576; 102 L.Ed.2d 594 (1989) (internal citations omitted).
[53] See FN16 and FN17, *supra*.
[54] See FN15 and FN17-FN21, *supra*.

March 29, 2020, are prescribed as a matter of law. For that reason alone, the Plaintiff's claims against the DOTD Defendants should be dismissed.

**F.  The Plaintiff has not set forth any cause of action.**

As set forth above, the Plaintiff has alleged racial discrimination, collusion, coercion, conspiracy, and denial of his constitutional rights.  In support of these causes of action, Plaintiff has offered the same conjecture and speculation about conspiracy theories which have been previously dismissed by both State and Federal courts—yet makes no plausible factual allegations to support any of these claims.  The Plaintiff's entire 208-page Complaint in this matter does nothing more than re-state the same baseless allegations that were summarized by the Louisiana Second Circuit in their 2020 opinion. [55]

The same analysis has led to the same rulings in this litigation multiple times in multiple courts for decades.  "… the federal rights issues asserted by Clark and L&M have no merit and are further barred by res judicata. It is clear that the previous federal district and appellate court decisions have completely resolved those issues, precluding Clark from further litigation of them."[56]  The holding of the Fifth Circuit Court of Appeals (which Plaintiff asks this Court to enjoin in paragraph (d) on page 205 of his Complaint) offers a succinct and consistent conclusion: "Construing his pro se brief liberally, Clark raises no argument that entitles him to relief."[57]  The same result should apply here—the dismissal of Plaintiff's Complaint, and any and all claims asserted therein, with prejudice.

---

[55] *Dep't of Transp. & Dev. v. Clark,* 53,197, p. 11 (La.App. 2 Cir. 1/15/20); 289 So.3d 226, 233.
[56] *Dep't of Transp. & Dev. v. Clark,* 289 So.3d at 233.
[57] *Clark v. Pena,* 471 Fed.Appx. 398, 399 (5th Cir. 2012).

## V.    CONCLUSION

The Plaintiff has had his day in court and his continued attempt to resurrect his claims places a significant burden on this Court's judicial resources (and other courts).  He has tried to breathe new life into his suit over the last three decades, offering the State and Federal courts only unfounded conjecture, requests for all civil law to be declared unconstitutional, and baseless conspiracy theories.  The 208-page Complaint in this matter comprises Plaintiff's ongoing attempts to awaken the claims put to bed long ago.

The Complaint fails to state a single factual allegation against the DOTD Defendants which would support a cause of action against them. Further, as to each of the claims asserted by Plaintiff herein, res judicata has already been applied by previous State and Federal courts.  Additionally, none of the allegations in the Plaintiff's meandering manifesto state a claim upon which relief can be granted.  The law and arguments set forth herein have all been set forth previously by counsel for these and other Defendants before many other State and Federal courts for the past thirty-five years, yet the Plaintiff remains undeterred by the rulings of those courts and the warnings regarding filing frivolous suits related to the 1986 expropriation proceedings.

It is therefore appropriate and timely for this Court to grant this Motion and dismiss with prejudice the individual defendants herein **Shawn Wilson, Secretary for the Louisiana Department of Transportation and Development** and **Charles McBride, Right of Way Administrator for the Louisiana Department of Transportation and Development** with all costs allotted to Plaintiff.


[SIGNATURE ON FOLLOWING PAGE]

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ Rachel P. Dunaway*
Rachel P. Dunaway (Bar No. 37104)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 N. 3rd Street
P. O. Box 94005
Baton Rouge, LA  70804-9005
Telephone: (225) 326-6300
Fax: (225) 326-6495
DunawayR@ag.louisiana.gov


AND


*/s/Darren A. Patin*
**DARREN A. PATIN, #23244**
Special Assistant Attorney General
One Galleria Boulevard, Suite 1400
Metairie, Louisiana 70001
Telephone: (504) 836-6500
Facsimile:  (504) 836-6565
Email: dpatin@haileymcnamara.com

*Counsel for Defendants, Shawn Wilson, Secretary for the Louisiana Department of Transportation and Development and Charles McBride, Right of Way Administrator for the Louisiana Department of Transportation and Development*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have on this 5th day of August, 2021 electronically filed the above with the Clerk of Court utilizing the CM/ECF system, and/or have served a copy of the foregoing pleading on the *pro se* litigant via the email address set forth below:

Larry E. Clark
Clark9853@Hotmail.com

*/s/Rachel Dunaway*
**RACHEL DUNAWAY**
