UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LARRY E. CLARK, SR.**

**VERSUS**

**JOHN B. EDWARDS, ET AL.**

**CIVIL ACTION**

**NO. 21-177-SDD-RLB**

## ORDER

Before the Court is the Motion to Stay Discovery and to Continue Scheduling Order Deadlines and Conference filed by Defendants, Shawn D. Wilson, Secretary of the Louisiana Department of Transportation and Development ("Secretary Wilson") and Charles D. McBride, Right of Way Administrator of the Louisiana Department of Transportation and Development ("McBride") (collectively, "DOTD Defendants") on August 5, 2021 (R. Doc. 14), the Motion to Stay Discovery and Continue Upcoming Status Conference filed by Defendants, Justice Jay McCallum, Judge John Michael Guidry, and Judge Ramon Lafitte (collectively, the "Judicial Defendants") on August 5, 2021 (R. Doc. 17), and the Motion to Stay Discovery and Continue Scheduling Order Deadlines and Conference filed by Defendant, John Bel Edwards, in his official capacity as Governor of the State of Louisiana ("Governor Edwards") on August 6, 2021 (R. Doc. 18). The deadline for filing any opposition to the foregoing motions have expired. LR 7(f). Accordingly, the motions are unopposed.

Larry E. Clark, Sr. ("Plaintiff") commenced this action by filing a Complaint for Prospective Injunctive Relief and/or for Prospective Declaratory Relief and for a Writ of Mandamus Based Upon Some Defendants Continuing Violations of Federal Laws in 5 Cases ongoing in the State Court against All Defendants. (R. Doc. 1). Plaintiff seeks nullification or re-adjudgment of judgments issued by Louisiana state courts over the past three decades under 28

U.S.C. § 1983. The lawsuit arises from expropriation proceedings in 1986. *See Dep't of Transp. & Dev. v. Clark*, 289 So.3d 226 (La. App. 2d Cir. 2020).

The DOTD Defendants have filed a motion to dismiss asserting numerous defenses, including res judicata, Eleventh Amendment immunity, prescription and failure to state a claim upon which can be granted. (R. Doc. 13). The Judicial Defendants have filed a motion to dismiss asserting numerous defenses, including failure to serve, Eleventh Amendment immunity, the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, prescription, and absolute judicial immunity. (R. Doc. 16). Governor Edwards has filed a motion to dismiss adopting the DOTD Defendants' defenses and asserting that Plaintiff has failed to state a claim. (R. Doc. 15). These dispositive motions remain pending.

The motions now before the Court all seek a stay of discovery, and a continuance of the deadlines set forth in the Court's Scheduling Conference Order (R. Doc. 10), pending resolution of the foregoing dispositive motions. (R. Docs. 14, 17, 18). To allow Plaintiff the opportunity to file any opposition, the Court reset the scheduling conference set for September 30, 2021 to November 4, 2021, and extended the deadline to provide a joint status report to October 21, 2021. (R. Docs. 19, 20). As stated above, Plaintiff did not file a timely opposition.

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line*

2

*Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

Having considered the instant Motions, and considering Plaintiff has failed to file a timely opposition to any of the Motions, the Court finds good cause to grant the relief requested. Among other things, Defendants raise the issue of absolute judicial immunity and sovereign immunity, which are both threshold issues that could dispose of this action without the need for discovery.

"As the Supreme Court has stated, 'the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action.'" *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (per curiam) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985)). "[A]bsolute immunity is properly viewed as '*immunity from suit* rather than a mere defense to liability[.]'" *Id.* (emphasis in original) (quoting *Mitchell*, 472 U.S. at 526). "Thus, the [Supreme] Court has described immunity as a threshold question, to be resolved as early in the proceedings as possible." *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33, 111 S. Ct. 1789, 1793 (1991)). "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." *Siegert*, 500 U.S. at 231-33. Consistent with the foregoing, the Fifth Circuit has stated that "discovery generally should not be allowed" until the "threshold" question of absolute immunity is resolved. *Rouser v. Johnson*, 36 F.3d 90 (5th Cir. 1994) (citing *Siegert*, 500 U.S. 226, 231-32). A stay of discovery may be merited where the defendant raises the defense of sovereign immunity, which is a threshold issue that could be dispositive of the action. *Davis v. United States Army Rsrv. Through 321st Sustainment Brigade*, No. 19-305, 2019 WL 5777387, at *1 (M.D. La. Nov. 5, 2019); *see also Rivera v. United States*, No. 15-21, 2015

WL 13650012, at * 2 (W.D. Tex. May 18, 2015) ("It is well settled that governmental immunity is not only a defense against the burdens of liability, but also a defense to the burdens of litigation.") (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Given the foregoing,

**IT IS ORDERED** that Defendants' Motions to Stay (R. Docs. 14, 17, 18) are **GRANTED**. Discovery is **STAYED** in this action until the resolution of Defendants' Motion to Dismiss. (R. Doc. 13, 15, 16).

**IT IS FURTHER ORDERED** that the Scheduling Conference set for November 4, 2021, and the deadline to file a Joint Status Report set for October 21, 2021 (R. Docs. 10, 19, 20) are **CONTINUED** until further order of the Court.

Signed in Baton Rouge, Louisiana, on September 7, 2021.

  
**RICHARD L. BOURGEOIS, JR.**  
**UNITED STATES MAGISTRATE JUDGE**